UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLUMBIA RIVER ADVISORS, LLC,<br><br>Plaintiff,<br>v.<br><br>MKT AND ASSOCIATES, LLC et al.,<br><br>Defendants. | CASE NO. 3:24-cv-05696-LK<br><br>ORDER ADOPTING JOINT STIPULATION TO MODIFY TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Defendants' Emergency Motion to Modify TRO, Dkt. No. 28, and the parties' subsequent Joint Stipulation to Modify Temporary Restraining Order, Dkt. No. 40. Finding good cause, the Court ADOPTS the parties' Joint Stipulation and DENIES AS MOOT Defendants' Emergency Motion to Modify TRO. The TRO is modified as follows (additions in underline, deletions in strikethrough):

1. Defendants and all of their respective officers, agents, servants, employees, attorneys, and persons acting in concert or participation with them (collectively, the "Enjoined Parties") are hereby ENJOINED from:

    (a) directly or indirectly soliciting, hiring, recruiting, attempting to hire or recruit, or inducing the termination of employment of any Columbia River employee; and

ORDER ADOPTING JOINT STIPULATION TO MODIFY TEMPORARY RESTRAINING ORDER - 1

  (b)  contacting or soliciting Columbia River's clients and providing service to its clients;

  (c)  provided, however, that: ~~the Enjoined Parties may provide a copy of this Order to any Columbia River clients who have transitioned, or who are in the process of transitioning, their business to MKT; and may communicate with such clients solely for the purpose of complying with the Court's directive that the Enjoined Parties may not provide service to such clients (e.g., in connection with transitioning such clients' accounts back to Columbia River). The Enjoined Parties may not advise any clients to transition their business to any individual or entity other than Columbia River.~~

~~For purposes of this Order, Columbia River "employees" and "clients" include those individuals and entities who had such status as of July 30, 2024.~~

   i. <u>The Enjoined Parties may review the accounts of any MKT clients who were previously clients of Columbia River as of July 30, 2024 (the "Transferred Clients") and may initiate communication with a Transferred Client and take related investment advisory actions on their behalf if fiduciary duty requires it;</u>

   ii. <u>The Enjoined Parties may respond to Transferred Client requests and take related investment advisory actions if fiduciary duty requires it;</u>

   iii. <u>Defendant Matthew Keefe may communicate with, transfer accounts for, and continue to provide investment advisory services for himself, his family, and the children's accounts for existing MKT clients, regardless of their client status;</u>

   iv. <u>Except as outlined above, the Enjoined Parties may not otherwise initiate communication with Transferred Clients or with current Columbia River clients;</u>

   v. <u>All parties must refrain from discussing the opposing parties or this litigation with clients except to provide an agreed statement that the parties will craft as soon as possible;</u>

   vi. <u>The Enjoined Parties must log any communications with Transferred Clients, Columbia River clients identified in Paragraph vii below who transfer their paperwork, or Columbia River clients to whom the Enjoined Parties provide the agreed statement, and must include in the log the client name, date of communication(s), party initiating communication, action taken, date action taken, and reason for taking action. The log shall be produced to Columbia River by the end of the day on September 17, 2024. Columbia River will treat the log as attorneys' eyes only until a protective order can be entered in the case, after which it will be re-designated under that order; and</u>

ORDER ADOPTING JOINT STIPULATION TO MODIFY TEMPORARY RESTRAINING ORDER - 2

        vii.    <u>With respect to the 14 Columbia River clients who asked for and received transfer paperwork before the entry of the TRO but had yet to finalize a transfer of their accounts as of the date of the TRO,[1] Defendants will retain a list of these client names in a date-verifiable email dated September 6, 2024. Should these clients execute the transfer paperwork and transfer their accounts to MKT, Columbia River may ask the Enjoined Parties to confirm their name is on the date-stamped list, and if they are on this list, the client will be deemed a Transferred Client for purposes of the TRO. The Enjoined Parties will not initiate communications with these 14 Columbia River clients or facilitate the filing of the paperwork.</u>

2. No security bond is required under Federal Rule of Civil Procedure 65(c). *See* Dkt. No. 1-1 at 18 (Columbia River "shall be entitled to seek . . . a temporary or permanent injunction . . . without the necessity of posting any bond or other security"); *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009).

3. Pursuant to Federal Rule of Civil Procedure 65(d)(2), this Order is binding on those persons who receive actual notice of this Order, if those persons are an officer, agent, servant, employee, or attorney of Defendants or if they are acting in active concert or participation with Defendants.

4. Unless extended by the Court, this TRO expires ~~fourteen days from entry~~ <u>on September 17, 2024</u>.

Dated this 9th day of September, 2024.

                                              *Lauren King*
                                              Lauren King
                                              United States District Judge

---

[1] The parties represent that there are 14 Columbia River clients who asked for and received paperwork to transfer their accounts from Columbia River to MKT prior to the Court's entry of the TRO, but had not finalized transfer as of September 3, 2024 (the date of the TRO). Dkt. No. 40 at 2.

ORDER ADOPTING JOINT STIPULATION TO MODIFY TEMPORARY RESTRAINING ORDER - 3