UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLUMBIA RIVER ADVISORS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MKT AND ASSOCIATES, LLC et al.,<br><br>Defendants. | CASE NO. 3:24-cv-05696-LK<br><br>ORDER GRANTING STIPULATED MOTION REGARDING PRELIMINARY INJUNCTION |

This matter comes before the Court on the parties' Stipulated Motion Regarding Preliminary Injunction. Dkt. No. 42. For the following reasons, the Court grants the stipulated motion and denies as moot Plaintiff Columbia River Advisors, LLC's Motion for Preliminary Injunction. Dkt. No. 37. The Court appreciates the parties' cooperation in this matter.

## I. BACKGROUND

The Court adopts the factual background in its September 3, 2024 Order, Dkt. No. 25 at 1–5, with the additional relevant facts below.

On September 3, 2024, the Court granted in part Columbia River's motion for a temporary restraining order ("TRO"), enjoining Defendants MKT and Associates, LLC, Matthew Keefe, and

Brian Scalabrine—as well as their respective officers, agents, servants, employees, attorneys, and persons acting in concert or participation with them—from "directly or indirectly soliciting, hiring, recruiting, attempting to hire or recruit, or inducing the termination of employment of any Columbia River employee" and "contacting or soliciting Columbia River's clients and providing service to its clients," subject to certain exceptions. *Id.* at 19–20.[1] After Defendants moved to modify the TRO, Dkt. No. 28, the parties stipulated to several modifications of the TRO language, which the Court subsequently adopted, Dkt. Nos. 40–41. In the meantime, Columbia River amended its complaint and filed a motion for preliminary injunction. Dkt. Nos. 27, 37.[2]

On September 10, 2024, the parties filed a joint motion stipulating that the Court should enter a preliminary injunction on the same terms as the modified TRO, with one minor change. Dkt. No. 42 at 1–2. The parties agree that this preliminary injunction shall remain in place until the resolution of this case, subject to any modifications by the Court. *Id.* at 1.

## II.  DISCUSSION

**A.  Jurisdiction**

This Court has subject-matter jurisdiction over this case because there is complete diversity among the parties and the amount in controversy is over $75,000. *See* 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Specifically, Columbia River is an LLC whose members are Washington citizens, and MKT is an LLC whose members are citizens of Arizona (Keefe) and Massachusetts (Scalabrine). Dkt. No. 48 at 1–2; *see also* Dkt. No. 45 at 1–2; Dkt. No. 46 at 1–2; *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n

---

[1] The Court denied Columbia River's request to enjoin Defendants from "from working in any capacity for a company competing with Columbia River, and from soliciting potential Columbia River clients." *Id.* at 19.

[2] Columbia River's first amended complaint failed to allege its membership, the citizenship of its members, and MKT's citizenship. *See generally* Dkt. No. 27. With the Court's leave, Columbia River filed a second amended complaint that adequately set forth the basis for this Court's subject matter jurisdiction on September 11, 2024. Dkt. No. 47; Dkt. No. 48 at 1–2.

1  LLC is a citizen of every state of which its owners/members are citizens."). Columbia River alleges

2  at least $1.5 million in lost annual client advisory fees due to Defendants' alleged actions. Dkt.

3  No. 48 at 8, 11–12.

4  **B.     Legal Standard**

5        A preliminary injunction is an "extraordinary remedy that may only be awarded upon a

6  clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*,

7  555 U.S. 7, 22 (2008). A party seeking a preliminary injunction must show (1) a likelihood of

8  success on the merits, (2) a likelihood of irreparable harm absent an injunction, (3) that the balance

9  of equities is in its favor, and (4) that an injunction is in the public interest. *All. for the Wild Rockies*

10 *v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Winter*, 555 U.S. at 24). The Ninth Circuit

11 also employs a "sliding scale" approach, under which the four elements are balanced "so that a

12 stronger showing of one element may offset a weaker showing of another." *Id.* For example,

13 "serious questions going to the merits and a balance of hardships that tips sharply towards the

14 plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that

15 there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at

16 1135 (internal quotation marks omitted).

17                    **III.   DISCUSSION**

18        The Court has the authority to enter and enforce stipulated preliminary injunctions, so long

19 as the proposed injunction "is fair, reasonable and equitable and does not violate the law or public

20 policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990); *Fed.*

21 *Trade Comm'n v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1218 (9th Cir. 2004) (equating a

22 consent decree to a stipulated preliminary injunction, "which is essentially a proposed injunction

23 that reflects a temporary settlement"); *see also, e.g.*, *EcoShield Pest Sols. Portland, LLC v. Grit*

24 *Mktg., LLC*, No. 3:24-cv-00887-HZ, 2024 WL 2957072, at *1 (D. Or. June 12, 2024); *N. Cent.*

1    *Distrib., Inc. v. Bogenschutz*, No. 1:17-cv-01351-AWI-EPG, 2019 WL 1004843, at *1 (E.D. Cal. Mar. 1, 2019); *Montrose Env't Grp., Inc. v. Zephyr Air Quality Servs., LLC*, No. 2:16-cv-00433-SAB, 2017 WL 393606, at *1 (E.D. Wash. Jan. 27, 2017). A court may enter stipulated injunctive relief if it "comes within the general scope of the case made by the pleadings, furthers the objectives upon which the law is based, and does not violate the statute upon which the complaint was based." *Sierra Club*, 909 F.2d at 1355 (cleaned up). The Court must also be satisfied that the injunctive relief "represents a reasonable factual and legal determination." *United States v. Oregon*, 913 F.2d 576, 581 (9th Cir. 1990) (internal citations omitted). Although a court should exercise its discretion "in favor of the strong policy favoring voluntary settlement of litigation," it "must nonetheless independently scrutinize its terms and avoid 'rubber stamp approval[.]'" *Pac. Coast Fed'n of Fishermen's Assocs. v. Raimondo*, No. 1:20-cv-00431-JLT-EPG, 2024 1332516, at *12 (E.D. Cal. Mar. 28, 2024) (first citing *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988); and then quoting *United States v. Montrose Chem. Corp. of Cal.*, 50 F.3d 741, 747 (9th Cir. 1995)).

       Here, the parties have stipulated to a preliminary injunction that is almost identical to the terms of the TRO that the Court issued on September 3, 2024 and modified on September 9, 2024. Dkt. No. 42 at 1; *see also* Dkt. No. 25 at 19–20; Dkt. No. 41 at 1–3. The Court discerns no change of circumstances indicating that the parties' stipulated preliminary injunction cannot be granted on the same bases as those the Court identified when granting in part Columbia River's motion for a TRO and subsequently modifying the issued TRO. *See Clark v. Coye*, 60 F.3d 600, 604 (9th Cir. 1995); *accord Horne v. Flores*, 557 U.S. 433, 455 (2009). Therefore, for the reasons stated in its September 3, 2024 Order, Dkt. No. 25 at 12–19, the Court finds that the stipulated preliminary injunction is fair, reasonable, and equitable, and does not violate the law or public policy. *See Montrose Env't Grp.*, 2017 WL 393606, at *1.

## IV.   CONCLUSION

For the foregoing reasons, the Court ORDERS the following:

1. The parties' stipulated motion for a preliminary injunction, Dkt. No. 42, is GRANTED.

2. Columbia River's motion for preliminary injunction, Dkt. No. 37, is DENIED AS MOOT.

3. The Court STRIKES the preliminary injunction hearing previously set for September 17, 2024. Dkt. No. 25 at 20.

4. Defendants and all of their respective officers, agents, servants, employees, attorneys, and persons acting in concert or participation with them (collectively, the "Enjoined Parties") are hereby ENJOINED from:

    (a) directly or indirectly soliciting, hiring, recruiting, attempting to hire or recruit, or inducing the termination of employment of any Columbia River employee; and

    (b) contacting or soliciting Columbia River's clients and providing service to its clients;

    (c) provided, however, that:

      i. The Enjoined Parties may review the accounts of any MKT clients who were previously clients of Columbia River as of July 30, 2024 (the "Transferred Clients") and may initiate communication with a Transferred Client and take related investment advisory actions on their behalf if fiduciary duty requires it;

      ii. The Enjoined Parties may respond to Transferred Client requests and take related investment advisory actions if fiduciary duty requires it;

      iii. Keefe may communicate with, transfer accounts for, and continue to provide investment advisory services for himself, his family, and the children's accounts for existing MKT clients, regardless of their client status;

      iv. Except as outlined above, the Enjoined Parties may not otherwise initiate communication with Transferred Clients or with current Columbia River clients;

      v. All parties must refrain from discussing the opposing parties or this litigation with clients except to provide an agreed statement that the parties will craft as soon as possible;

      vi. The Enjoined Parties must log any communications with Transferred Clients, Columbia River clients identified in Paragraph vii below who transfer their paperwork, or Columbia River clients to whom the Enjoined Parties provide the agreed statement, and must include in the log the client name, date of communication(s), party initiating communication, action taken, date action taken, and reason for taking action. The log shall be produced to Columbia River by the end of the day on the last Friday of each month. Columbia River will treat the log as attorneys' eyes only until a protective order can be entered in the case, after which it will be re-designated under that order; and

      vii. With respect to the 14 Columbia River clients who asked for and received transfer paperwork before the entry of the TRO but had yet to finalize a transfer of their accounts as of the date of the TRO,[3] Defendants will retain a list of these client names in a date-verifiable email dated September 6, 2024. Should these clients execute the transfer paperwork and transfer their accounts to MKT, Columbia River may ask the Enjoined Parties to confirm their name is on the date-stamped list, and if they are on this list, the client will be deemed a Transferred Client for purposes of the preliminary injunction. The Enjoined Parties will not initiate communications with these 14 Columbia River clients or facilitate the filing of the paperwork.

5. No security bond is required under Federal Rule of Civil Procedure 65(c). *See* Dkt. No. 10-1 at 4 (Columbia River "shall be entitled to seek . . . a temporary or permanent injunction . . . without the necessity of posting any bond or other security"); *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009).

6. Pursuant to Federal Rule of Civil Procedure 65(d)(2), this Order is binding on those persons who receive actual notice of this Order, if those persons are an officer, agent, servant, employee, or attorney of Defendants or if they are acting in active concert or participation with Defendants.

7. Unless modified by the Court, this preliminary injunction expires upon the resolution of this case.

Dated this 13th day of September, 2024.

                                                Lauren King
                                                United States District Judge

---

[3] The parties represented that there are 14 Columbia River clients who asked for and received paperwork to transfer their accounts from Columbia River to MKT prior to the Court's entry of the TRO, but had not finalized transfer as of September 3, 2024 (the date of the TRO). Dkt. No. 40 at 2.

ORDER GRANTING STIPULATED MOTION REGARDING PRELIMINARY INJUNCTION - 6